# NORTH AMERICAN CAR CORPORATION v. THOMPSON.

No. 21962. Sept. 10, 1935.

Louis W. Pratt and James Harrington, for plaintiff in error.

L. M. Poe, E. J. Lundy, R. E. Morgan, and H. R. Duncan, for defendant in error.

WELCH, J. This is an appeal from the common pleas court of Tulsa county. The position of the parties here is reversed to that occupied in the trial court. They will be referred to as plaintiff and defendant, as they appeared in the court below.

Plaintiff sued in replevin to recover possession of one glass lined tank car, alleging ownership thereof, and that the same was unlawfully detained by the. defendant.

Briefly the facts are: On May 23, 1928, the defendant filed suit in the court of common pleas of Tulsa county against the Eureka Springs Water Company, a corporation. On May 28th, affidavit to obtain service by publication was filed, wherein it was alleged that the Eureka Springs Water Company, a corporation, the defendant in that action, was a foreign corporation organized and existing by virtue of the laws of the state of Arkansas, and stating therein that no service agent was maintained in this state. Thereafter, service by publication was had in that cause. Upon completion of service by publication, and, to wit, July 10, 1928, judgment by default was taken in that cause. Upon institution of suit on May 23, 1928, a writ of attachment was issued and levied upon the tank car herein involved in Tulsa county. Thereafter, on January 18, 1929, the plaintiff here filed the instant cause, seeking the recovery of the car and damages for the wrongful withholding of same. The cause was tried to the court without a jury, resulting in a judgment in favor of the plaintiff for the possession of the car as against all defendants, and for the sum of $250 damages against the defendant, North American Car Corporation, a corporation. From such judgment, the last-mentioned defendant appealed.

Error is predicated upon the defendant's contention that the plaintiff is estopped to deny that the Eureka Springs Water Company is a corporation. That presents the question for our determination on this appeal.

In fact, there existed no such corporation. The plaintiff, R. R. Thompson, engaged in business as the Eureka Springs Water Company. He was sole owner of that business and owned all of the property used in that business, including the tank car

involved. The defendant, North American Car Corporation, in filing the original suit erroneously proceeded against and served the "Eureka Springs Water Company, a corporation, organized and existing by virtue of the laws of the State of Arkansas." The defendant does not now assert that any such Arkansas corporation existed, but seeks to justify and uphold its original erroneous action upon the theory that R. R. Thompson is estopped to deny that his business is such incorporation.

The plaintiff, Thompson, regularly used letter heads printed "Eureka Springs Water Company (Reorganized) R. R. Thompson, President," and signed his letters "R. R. Thompson, President." In his letters he often referred to his business or to himself as "we" or "us." Many such letters had been sent to and received by the defendant. The plaintiff, Thompson, also on at least one occasion contracted as the "Eureka Springs Water Company," so contracting in fact when he purchased the tank car here involved.

It is upon these facts that the defendant contends for estoppel, and asserts that Thompson had for years proclaimed to the world, and particularly to the defendant, that the Eureka Springs Water Company was a corporation in existence in Arkansas.

Assuming for the purpose of our consideration here that all other equitable considerations or essentials to constitute an estoppel are present, we are of the opinion that the facts upon which the defendant here relies do not support the contention that the Eureka Springs Water Company was held out or represented to be a corporation. We consider the correct statement of the law on the question as applied to the facts here to be as found in paragraph 264, page 240, of 14 C. J. We quote therefrom as follows:

"It is well settled, of course, that, to warrant holding a person estopped from denying the existence of an alleged corporation because he has contracted or otherwise dealt with it as a corporation, his contract or dealing must have been such as to show an admission or recognition of the legal corporate character of the association; and in order that a partnership or other unincorporated association, or the stockholders, members, officers, or agents thereof may be estopped to deny that it is a corporation as against one who has dealt with it or them, on the ground that they have held the association out as a legal corporation or have participated therein, it must appear that they have assumed to be a corporation, and the person claiming such estoppel must have dealt with them as such. A man cannot be so estopped by acts which are just as consistent with the existence of an unincorporated association as of one incorporated, for 'estoppels never arise from ambiguous facts; they must be established by those which are unequivocal, and not susceptible of two constructions.' * * * "

The record does not show that the plaintiff, Thompson, ever at any time referred to the Eureka Springs Water Company as a corporation, nor that it was ever so designated in any correspondence, contract, document, or conversation. It is true that corporations are generally headed by a "president" and some corporations are "reorganized," but it is equally true that other business concerns operate under a trade name; partnerships and various associations of individuals may and frequently are operated by, through, and with a president, and may be reorganized. We cannot observe that the so-called representations here were sufficient to justify the defendant in concluding that the Eureka Springs Water Company was a corporation, and it is apparent that slight inquiry before the bringing of the original suit would have disclosed the true facts that no such corporation existed in Arkansas, and that Thompson was the sole owner of that business and of the car attached, and that he could not be sued and served as a foreign corporation.

We find no error in the judgment of the trial court in this regard.

The defendant next complains of the judgment for damages to plaintiff as the result of the detention of the tank car. It states that there is no evidence that plaintiff was ever entitled to possession of the car, and that there is no competent evidence upon which any damage for deprivation of said tank car could be predicated. Thompson testified that he owned all of the property used in operating as the Eureka Springs Water Company, including the tank car involved. There was introduced in evidence a contract of sale between a party not here concerned and the Eureka Springs Water Company, whereby the car was delivered into the possession and control of the Water Company under contract of purchase. This was not controverted, and we think it sufficient to show plaintiff entitled to possession of the car. The record shows the plaintiff was denied the possession of the car by the defendant for a period of seven months and 25 days. Thompson testified that he was familiar with the rental value of tank cars; that rental value of tank cars was arrived at from the value of the car itself, that the rental value of an ordinary tank car cost-

ing $2,000 was $35 per month; that the value of the glass lined tank car here involved is approximately $7,500, and that although he had been unable to rent a car of the class here involved, he had offered as much as $60 per month rent for same, and had been unable to procure one at that rental price. The court awarded damages of $250, which is something less than $35 per month. We think such evidence clearly shows that the rental value of the car involved here was equal to or more than the amount of the award, and find no cause for complaint on the part of the defendant.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.