### In re OSMOND.

No. 173.　Nov. 12, 1935.

Rehearing Denied Dec. 3, 1935.

J. W. Osmond, pro se.

Frank G. Anderson and V. P. Crowe, for State Bar.

OSBORN, V. C. J. This is an action to review a report and recommendation of the Board of Governors of the State Bar recommending disbarment of J. W. Osmond, hereinafter referred to as respondent.

An accusation was filed against respondent before the administrative committee for section 15, and a hearing was had before the committee. A recommendation for disbarment was made to the Board of Governors. The record was reviewed by the board and a report filed with this court;

which includes the following findings of fact and conclusions of law:

"Findings of Fact.

"1. That J. W. Osmond is and has been for about 20 years an attorney at law and a member of the State Bar of Oklahoma and resides at Anadarko, Okla.

"2. That he did on or about the 19th day of December, 1931, cash, utter, and pass two certain travelers cheques of the American Express Company, in the sum of $100 each, at the First State Bank of Anadarko, Okla., and did then and there receive from said bank the sum of $200 as follows, to wit: $50 credit on a note he owed the said bank, and the balance in good and lawful money of the United States of America, and that at the time said J. W. Osmond did utter, pass, and cash said cheques and at the time he received the same into his actual possession at said bank on said date he did know and have definite and certain information from one Faulk, an accomplice that said travelers cheques were stolen; and the said J. W. Osmond did not part with anything of value upon receiving said cheques and that he only received them from another for the purpose of obtaining money for them, and then and there knew that the person from whom he received them was not the lawful owner or holder thereof, and that he did not receive them from a man by the name of Joe Wilson, whose name was written thereon, and he did know that the person from whom he received them was a thief or a robber, or was merely attempting to dispose of the loot of a robbery, of which said cheques were a part; and that the said J. W. Osmond did said acts knowingly, willfully, feloniously, and unlawfully in order to obtain a part of the money which he received, as aforesaid.

"3. That the said J. W. Osmond was himself an habitual drunkard, that he kept in his company at his home and office people of low morals and criminal disposition, and made them his companions, drinking with them, that he took Thanksgiving dinner at the home of J. D. Long; that he permitted and participated in numerous drunken orgies at his residence at Anadarko, that Ollie Muse, who admitted he was a fugitive from justice, participated in these said drunken orgies with respondent; that on one occasion respondent was found on a pallet and stated to Mr. Dikeman, the banker, that he (Osmond) was living on ether and chloroform, took it 'in a mixture internally as a stimulant'.

"Conclusions of Law.

"It is therefore the opinion of the Board of Governors of the State Bar of Oklahoma that the respondent, J. W. Osmond, has been guilty of a course of conduct which, though disassociated from his duties to the court or his clients, is such as to render him an unfit, unsafe, and untrustworthy person to be entrusted with the powers, responsibilities, and duties of an attorney and counselor at law, and that he should be disbarred."

We have carefully examined the record and find that each of the findings of fact is fairly established by the evidence introduced.

Respondent refers to a number of statements filed with this court from members of the bar who have been associated with him in the practice of law. These have been examined and it appears that said associates do not attempt to minimize the gravity of the offenses committed by respondent, but suggest mitigation of punishment on account of the mental and physical condition of respondent at the time the various acts were committed. These statements would be entitled to some consideration if this were a proceeding by way of punishment, but proceedings of this nature are deemed necessary to the protection of the public, who have a right to expect that courts will be vigilant in withholding, and if already given, withdrawing, their certificates of qualification and character upon which the public rely. State ex rel. v. Ledbetter, 127 Okla. 85, 260 P. 454; In re Green, 173 Okla. 460, 49 P. (2d) 197.

In view of the gravity and nature of the offenses charged and proved against respondent, we approve the recommendation of the Board of Governors.

It is therefore ordered that the respondent, J. W. Osmond, be, and he is hereby, disbarred from the practice of law, and that his license to so practice is hereby revoked.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.